# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 7, 2020

Lyle W. Cayce
Clerk

No. 20-10083
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTONIA JANAI HICKMON, *also known as* ANTONIA JANAI SMITH,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-267-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:[*]

Antonia Janai Hickmon appeals her 36-month, below-guidelines range sentence for bank robbery. Hickmon contends that the district court committed plain error by predicating its application of a guidelines enhancement for making a death threat, *see* U.S.S.G. § 2B3.1(b)(2)(F), on

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

facts it found by a preponderance of the evidence, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The Government moves for summary affirmance or, alternatively, for an extension of time to file a merits brief, arguing that Hickmon's appeal of her sentence is foreclosed by *United States v. Bazemore*, 839 F.3d 379 (5th Cir. 2016).  Hickmon concurs that *Bazemore* forecloses relief.

We disagree that *Bazemore* forecloses Hickmon's appeal.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Accordingly, we deny the motion for summary affirmance.  Nonetheless, we conclude, without the need for further briefing, that Hickmon has failed to demonstrate clear or obvious sentencing error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011).  We therefore deny the Government's alternate motion for an extension of time to file a merits brief and affirm the judgment.

There was no error, plain or otherwise, because the district court's factfinding increased only Hickmon's guidelines range; it neither changed the statutory maximum sentence nor resulted in a new or increased statutory minimum sentence.  *Cf. Apprendi*, 530 U.S. at 476, 478, 487-90; *Hurst v. Florida*, 136 S. Ct. 616, 619-24 (2016); *Alleyne v. United States*, 570 U.S. 99, 107-09, 114 (2013); *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013); *see Bazemore*, 839 F.3d at 393 & n.9.

The Government's motion for summary affirmance is DENIED.  The Government's alternate motion for an extension of time to file a merits brief is DENIED.  The judgment is AFFIRMED.